[No. 3256.   Jan. 12, 1929.]

In re JARAMILLO'S ESTATE.

[274 Pac. 47.]

E. R. Wright, of Santa Fe, for appellant First Nat. Bank of Santa Fe.

Simms & Botts, of Albuquerque, for appellant Albuquerque Finance Corporation.

McCune, Caldwell & Downing, of Kansas City, Mo., and Mechem & Vellacott, of Albuquerque, for appellant New England Nat. Bank & Trust Co.

C. J. Roberts, of Santa Fe, for appellee.

OPINION OF THE COURT

WATSON, J.   Venceslao Jaramillo died in 1920 and his estate is now in process of administration in the dis-

trict court of Santa Fe county, having been removed from the probate court under the provisions of chapter 40, Laws of 1919. The present appeal grows out of the allowance by the district court of a preferred claim in favor of Cleofas M. Jaramillo, his widow and executrix, on account of moneys advanced before her appointment and applied upon debts of the deceased.

The claim was presented in the form of a petition, and is entitled "Petition for reimbursement for moneys paid for the benefit of said estate, and to charge the Capital City Bank with certain items on final distribution." It was alleged that the petitioner or claimant had expended of her own funds amounts aggregating $359.74 in payment of taxes, insurance, and expenses in looking after the property. It is admitted that this sum was properly allowed as a preferred claim, and it will require no further mention.

It was further alleged that, immediately upon the death of the decedent, the Capital City Bank of Santa Fe, falsely representing to the claimant that the estate was solvent, induced her to advance sums aggregating $3,614.38 for payment of interest upon a number of notes of the deceased which he had given to said bank, and some of which it had placed with other banks, but upon which it continued to collect the interest and arrange the renewals, urging upon the claimant that, if such interest was not paid when due, it would cause trouble and expense and jeopardize the interests of the estate, and that the bank also induced her to advance the sum of $801.78 to cover an overdraft of the deceased. It was further alleged that the Capital City Bank had thereafter filed a claim against the estate upon $25,000 of notes held by it, and a claim on behalf of the State National Bank of Albuquerque, on notes of $28,000 held by it, and one on behalf of the New England National Bank of Kasas City of $17,000, on notes held by it. It was also alleged that, for these payments or advancements, the petitioner had filed a claim against the receiver of the insolvent Capital City Bank, which claim had been allowed and a dividend of $1,320 paid. As to the taxes, insurance, etc., it was set up that

they constituted a preferred claim against the estate. As to the overdraft and interest payments, it was set up:

"That it is impossible for petitioner to set forth and show which notes were credited with said interest. That said claimant (Capital City Bank) should be required to exhibit to this court a true statement of the account and to show upon which notes said interest was applied, and that this petitioner should be reimbursed by the administrators of said estate for the unliquidated balance of said moneys so advanced by her, and said Capital City Bank and its assigns should be charged with such amount upon final distribution of the assets of said estate. That in any distribution so made, said Capital City Bank and its assigns should be first charged with such sums so that it will share equally only with all the other creditors of said estate."

The prayer of the petition was "that she be allowed the sum of $3,481.35 as a preferred claim against said estate, and that said Capital City Bank on its claim filed as aforesaid be charged in the distribution upon final settlement of said estate, with the sum of $3,149.06, and that she have all proper relief in the premises."

The First National Bank of Santa Fe, as receiver of the Capital City Bank, the New England National Bank & Trust Company, as successor in interest of the New England National Bank, and the Albuquerque Finance Corporation, as successor in interest of the State National Bank, joined in filing written objections to the claim. They therein took the position, first, that the attempted proceeding was in effect one to establish a liability of the Capital City Bank and its assigns upon the facts alleged, and that the district court, sitting as a probate court in the administration of the estate of Venceslao Jaramillo, had no jurisdiction of such cause of action; second, that such cause of action had been fully adjudicated by the presentation and allowance of petitioner's claim against the insolvent Capital City Bank; and, third, that the cause of action alleged in the petition was one in which the objectors had a constitutional right to trial by jury, which could not be afforded by the district court sitting as a probate court.

An order was entered overruling the objections, stating that "the court now reserves the ruling upon the question as to whether or not the moneys which may have been received by objectors by way of interest, as alleged in said

amended petition, should be charged against them in the final distribution." Thereupon the objectors generally denied the allegations of the petition and went to trial.

The court made specific findings of fact and conclusions of law. It was found that the payments had been made without knowledge of the insolvent condition of the estate, and that they were for the benefit of the estate. There was no finding, however, as to any representation by the Capital City Bank as to the solvency of the estate. Otherwise the findings do not differ in any material respect from the facts alleged in the petition. The fifteenth finding is as follows:

"That the evidence does not satisfactorily establish the identical notes upon which the interest paid as aforesaid was credited, but it was collected by the Capital City Bank, either for said bank or as agent for the holders of said notes."

Upon these findings judgment was rendered against the estate for $3,455.90, which the executors were directed to pay in full and to take credit therefor in their final account; and it was further ordered "that the question as to whether said payments should be charged against the holders of said notes is deferred until the final accounting of the executors." The amount of the judgment was arrived at by crediting the dividend previously recovered from the receiver of the Capital City Bank. The objectors above named have joined in this appeal.

▇▇▇ Appellants here announce that they do not contend that the claim was not properly allowable against the estate. Their sole contention is that the court erred in preferring the claim for reimbursement of the overdraft and the interest payments. They point out that, under the facts alleged and found, the overdraft and the notes constituted debts allowable only as common claims. They urge that one assuming to pay such claims, in whole or in part, can occupy no stronger position than the original creditors, and can only be subrogated to their rights. They point out that, if the rule were otherwise, one volunteering to pay the debts of a deceased person might promote a common claim to a preferred claim, and thus defeat the whole statutory scheme of the distribution of insolvent

estates. They cite Vulte v. Martin, 44 How. Prac. (N. Y.) 18.

We are impressed with the soundness of appellant's position. Indeed, appellee does not seem seriously to combat it. She does, however, vigorously urge that this theory of the matter was not brought to the attention of the trial court, is presented here for the first time, and consequently cannot be considered. We do not think, however, that the general rule invoked is applicable here. It is a well-recognized exception to that rule that, where the judgment is inherently and fatally defective, the lack of exception in the trial court cannot serve to prevent its correction. Baca v. Perea, 25 N. M. 442, 184 P. 482; Michael v. Bush, 26 N. M. 612, 195 P. 904; Optic Publishing Co. v. County Commissioners, 27 N. M. 371, 202 P. 124. It seems plain that the judgment rendered departs in theory from the petition. While the petition prayed that the claim be given a preference standing, it was only in connection with the prayer that the whole amount be charged against certain other claimants. If that were done, the estate itself would neither gain nor lose, but would merely be the medium for an adjustment as between appellee and appellants. The facts alleged in the petition were quite insufficient to support the judgment rendered. The same is true of the facts found. The defect in the judgment is fundamental and inherent. It appears upon the record proper. We think, therefore, under the authorities cited, that appellant's general exception to the judgment was sufficient.

Appellee's counsel assumes in argument, a fact not appearing of record, that "the payment made by Mrs. Jaramillo was but a small portion of the claim, and well within the pro rata distribution which will eventually go to such creditors." Citing Code 1915, § 2261, he argues:

"It will thus be seen that the creditors are entitled only to their pro rata distribution of the funds of the estate. This, of course, refers to creditors of the estate who were such at the time of the death of the deceased. Their status as creditors and their rights are fixed as of the date of death. Here these three creditors were paid a certain amount by Mrs. Jaramillo before her appointment. They are only entitled to pro rate with the other creditors. The estate is in process of settlement, final distribution has not been

made. Upon final distribution the amount which was paid by her can and should be credited upon the total amount to which they may be entitled, and so far as appears from this record there will be ample funds to pay Mrs. Jaramillo the amount of her advancements and still equalize all the other creditors with the amount which these three creditors will receive."

Whatever force this argument may have in support of the theory of the petition, it cannot be considered in support of the theory of the judgment. It assumes that the court will eventually rule, as it has so far declined to rule, that the amount paid to appellee shall be deducted from the amounts payable to appellants. We must consider the judgment as it stands now; not as it may be effected by some future ruling or judgment. If the court had ruled, as appellee says he can and should, then no doubt appellants would have had other contentions to make here.

It seems, therefore, that the court erred in preferring the claim. The judgment must be reversed and the cause remanded, with a direction to make disposition of the claim consistently with the views herein expressed. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.