·537 P.2d 1392

In the Matter of the Last WILL and Testament of A. W. SKARDA, Deceased.

Cash T. SKARDA, Petitioner-Appellant,

v.

Lynell G. SKARDA, Executor-Appellee.

No. 9681.

Supreme Court of New Mexico.

June 18, 1975.

Rehearing Denied July 16, 1975.

Shipley, Durrett, Conway & Sandenaw, Alamogordo, for petitioner-appellant.

Grantham, Spann, Sanchez & Rager, Albuquerque, for executor-appellee.

## OPINION

DONNELLY, District Judge.

This is an appeal from the final decree of the District Court of Curry County which approved the Final Account and Report of the executor of the estate of A. W. Skarda, deceased. The proceedings below originated in the probate court and were removed to the district court sitting in probate upon application of Cash T. Skarda, the appellant herein.

During the pendency of the probate proceedings in this case, the appellant filed a separate suit in the District Court of Curry County against Lynell G. Skarda, both individually and in his capacity as executor of the last will and testament of A. W. Skarda. That suit sought relief against other parties praying for an adjudication of certain issues which were in part raised in the probate proceedings in the instant case. From decisions adverse to the appellant in both lower courts, appeals were taken to this court. The appeal in the collateral district court suit has been the subject of a separate opinion of this court. See Skarda v. Skarda, 87 N.M. 497, 536 P.2d 257 (1975).

The decedent, A. W. Skarda, whose estate is the subject of this appeal, died on December 13, 1967, a resident of Curry County, New Mexico. Decedent left a last will and testament dated September 2, 1967, which provided for the disposition of his estate among his three surviving sons, Langdon L. Skarda, Lynell G. Skarda and Cash T. Skarda. The testator was unmarried at the time of his death, having been previously divorced.

Following decedent's death, his last will and testament was filed for probate, and the Probate Court of Curry County, on February 14, 1968, entered its order admitting the will to probate and appointing Lynell G. Skarda as executor. Thereafter, the executor filed an inventory of the assets of the estate, prepared estate tax returns and paid certain debts of the estate. The executor filed his Final Account and

Report in the estate on November 2, 1971. Soon after the Final Account and Report was filed, the appellant removed the cause to the district court, sought a stay of estate proceedings until the separate district court suit initiated by him was concluded and filed objections to the proposed Final Account and Report of the executor.

After a hearing following the filing of objections to the Final Account and Report, the district court sitting in probate denied a motion to strike the objections of the appellant, denied appellant's motion for a stay of proceedings and allowed the executor to file an Amended Final Account and Report.

Following the filing of an Amended Final Account and Report by the executor, appellant once more filed objections thereto and sought the removal of the executor. Appellant again pressed his contention that the district court case filed by him should be concluded prior to the estate proceedings in order to permit an adjudication of several issues involved in the probate of decedent's last will and testament.

Subsequent to the hearing on the Amended Final Account and Report of the executor, the court issued its decision approving such report and denying each of the appellant's objections thereto. From the final decree approving the Amended Final Account and Report of the executor, this appeal was taken.

Appellant has asserted nine separate grounds on appeal. The contentions upon which reversal is sought are that the lower court allegedly erred in the following respects: (1) in finding that the decedent's estate was fully administered, that taxes of the estate were paid, and that only specified property remained in the executor's hands for distribution; (2) in approving the executor's acts of paying unfiled claims which were barred; (3) in approving the executor's conduct of borrowing funds on behalf of the estate and finding that the estate was insolvent; (4) in permitting the executor to exercise an option to purchase stock devised in trust by the will of decedent; (5) in not admitting certain documentary exhibits into evidence; (6) in approving the sale of estate assets to the executor in exchange for the executor assuming certain estate obligations; (7) in closing the estate prior to the payment of all estate and succession taxes; (8) in approving the executor's disbursements of estate money for improvements to a building; and (9) in refusing to remove the executor from acting further for the estate.

Under the first point relied upon for reversal, appellant claims error on the part of the trial court in finding that the estate had been fully administered, all taxes paid, and nothing remained to be accomplished other than the distribution of certain property. The principal basis of the claim is appellant's assertion that a number of transfers consummated by decedent shortly before his death should have been inventoried and distributed as assets of the estate.

Appellant maintains that the various transfers carried out by decedent prior to his death constituted a basis giving rise to the imposition of resulting or constructive trusts in favor of the estate of decedent, and that such trusts should have been inventoried as assets of the estate.

The trial court rejected appellant's contention that resulting or constructive trusts were created and in Finding of Fact No. 17, found that the objections filed by appellant were without merit and should be disallowed. Further, the trial court found, in Findings Nos. 14 and 15, that the executor made certain disbursements of estate funds and paid certain debts and expenses of the estate and that such payments were reasonably necessary to preserve and protect the assets of the estate, and the creditors advancing such funds took the position of and were subrogated to the right of the executor to reimbursement.

In the face of the attack upon these findings by appellant, we must determine whether the evidence supports the findings. The duty of an appellate court,

where findings of ultimate facts are properly challenged, is to examine the evidence and ascertain whether it supports the findings. Martinez v. Trujillo, 81 N.M. 382, 467 P.2d 398 (1970); Trigg v. Riebold, 79 N.M. 399, 444 P.2d 584 (1968). The evidence must be viewed in its most favorable light to support the findings. Trujillo v. Romero, 82 N.M. 301, 481 P.2d 89 (1971). On appeal, every reasonable intendment and presumption is resolved against appellant and in favor of the validity of the proceedings in the trial court. Cochran v. Gordon, 77 N.M. 358, 423 P.2d 43 (1967). A judgment or decree of the trial court is to be upheld if it can be supported by correct legal principles, even though the trial court may have based its decision in whole or in part upon other principles. Morris v. Merchant, 77 N.M. 411, 423 P.2d 606 (1967).

Applying the above principles, we affirm the judgment of the trial court in upholding the actions of the executor and the trial court's findings that the Amended Final Account and Report of the executor should be approved and the estate closed.

■ Appellant's contentions asserting the existence of constructive or resulting trusts were first asserted at the time of the hearing upon the Amended Final Account and Report of the executor, and at a time when claims alleging the existence of such trusts were subject to bar by the statute of limitations. Section 23-1-4, N.M.S.A.1953, applicable to the claim of such trusts, provided a four year statute of limitations for all actions not otherwise specifically provided. Decedent died on December 13, 1967, and the executor qualified on February 14, 1968. The date of final approval of the Amended Final Account and Report was November 20, 1972. At that date, the estate had no way of compelling the imposition of the alleged trusts and the trial court correctly held that the property in question was not a part of the estate. Moreover, it is apparent that the trial court's findings could also be upheld upon the basis of presumptive gifts by decedent to his children and others by such transfers made prior to his death.

Points 2, 3 and 4 asserted by appellant relate to the manner in which the executor handled and discharged the debts of the decedent. The contention is made that, since no claims were filed by the creditors, these debts became barred by virtue of § 31-8-3, N.M.S.A. 1953.

■ It is the rule in New Mexico that all claims not filed with the estate and notice given of hearing thereon within the time prescribed after the first publication of the notice of appointment of the executor or administrator are barred as a matter of law. In re Estate of Welch, 80 N.M. 448, 457 P.2d 380 (1969). There are, however, certain well-recognized exceptions to this rule.

■ The requirement of filing, notice and hearing of claims against an estate does not apply to expenses of administration. In re Kenney's Estate, 41 N.M. 576, 72 P.2d 27 (1937). Nor does the non-claim statute require a secured creditor to file a claim in the estate when such creditor does not look for payment of his debt from the general assets of the estate, but only to the security for the debt itself. In re Estate of Tarlton, 84 N.M. 95, 500 P.2d 180 (1972); In re Kenney's Estate, supra; Shortle v. McCloskey, 38 N.M. 548, 37 P. 2d 800 (1934).

■ The trial court found, however, that the debts incurred by decedent prior to his death were paid as a cost of administration and not as claims against the estate. The evidence indicates that prior to decedent's death, he incurred a number of substantial debts, including a debt of decedent and others to the First National Bank of Albuquerque, $60,000; a debt to the First National Bank of Lubbock, Texas, $200,000; a debt to the First National Bank of Amarillo, Texas, $60,000; a debt to the Amarillo National Bank, $45,000; and $75,172.63 owed to Citizen's National

Bank of Clovis, New Mexico. Each of these debts was secured.

The $200,000 debt owing to the First National Bank of Lubbock was originally secured by stock owned by decedent in the Citizens Bank of Clovis. After the death of decedent, the stock was reissued in the name of the executor in his capacity as executor, the loan was renewed, and the stock was pledged to secure the renewed indebtedness.

When the notes representing these debts became due, both before and after the executor qualified, the executor assumed personal liability therefor. The trial court found that this was reasonably necessary for the administration and preservation of the estate. The note owing in the amount of $200,000 to the First National Bank at Lubbock was secured by a pledge of bank stock, which was a part of the estate. The payment of this note was also reasonably necessary to protect the collateral given to secure this indebtedness. The filing of a timely claim by the secured creditor was unnecessary and would have accomplished nothing.

Another debt which the executor assumed, and for which no claim was filed under the provisions of § 31–8–3, supra, was a debt of the decedent in the sum of $14,370.30, comprising one-half of the amount owing on the purchase of an interest in the Buzzard Building, located in Clovis, New Mexico.

The executor assumed all of these debts personally, and, during the process of administration of the estate, borrowed $450,000 from the Republic National Bank of Dallas, Texas, and paid them all off. On the latter indebtedness, the executor personally obligated himself and the trial court found that the executor's acts were reasonably necessary to preserve and administer the estate.

■ The general rule recognized in most jurisdictions is that an executor or administrator has no inherent authority to borrow money or encumber estate assets on behalf of an estate, and any funds borrowed by such personal representative, which are not authorized by either statute, will, or order of the court, do not bind the estate. Columbus Land, Loan & Bldg. Ass'n v. Wolken, 146 Neb. 684, 21 N.W.2d 418 (1946); Evans v. Tucker, 101 Fla. 688, 135 So. 305 (1931). This is the rule applicable in this state and is codified in § 31–5–4, N.M.S.A.1953.

■ Where an executor or administrator proposes to borrow funds on behalf of an estate, § 31–5–4, supra, requires district court approval. If an executor acts without first obtaining court approval to incur loans, the burden is cast upon the executor to clearly prove the propriety and prudence of each transaction, and, failing such proof, such action is taken at the peril of the personal representative. The district court sitting in probate, upon hearing the final account and report of the executor, may approve or disapprove such acts dependent upon the evidence and in view of the best interests of the decedent's estate.

■ It is recognized that an administrator of an estate who advances funds for the benefit of the estate is entitled to reimbursement. In re Jaramillo's Estate, 33 N.M. 626, 274 P. 47 (1929). A party who advances money to an administrator for the benefit of the estate is subrogated to the right of the administrator to be reimbursed from the estate. Perez v. Gil's Estate et al., 29 N.M. 313, 222 P. 907 (1924). See also Dixon v. Davis, 31 F. Supp. 912 (W.D.S.C.1940) and cases cited therein which support this rule.

■ It appears that the trial court carefully scrutinized the transactions to determine whether they came within this subrogation doctrine and then found:

"15. The acts of the Executor during the administration of the estate, and as set forth in the First Amended Final Account and Report, including his acts in

borrowing funds and in refinancing outstanding debts and obligations of the estate, which was insolvent, were reasonably necessary to pay debts and expenses of the estate and to preserve and protect the assets of the estate; that the money borrowed to pay debts and expenses was used for that purpose, and, accordingly, the creditors advancing the funds take the position of, and are subrogated to, the right of the Executor to reimbursement."

In the instant case, although the executor did not apply to the district court for prior authority to borrow money on behalf of the estate or as an incident of the administration of the estate, after the removal of the probate proceedings to the district court sitting in probate, the court did approve the actions of the executor after the fact by adopting general findings and approving the Amended Final Account and Report of the executor. We think the trial court properly adopted these findings and the record amply supports the basis for the court's findings that the actions of the executor were necessary to preserve and protect the assets of the estate.

Appellant's fourth and sixth points raised on this appeal are considered jointly. Asserted as error by the appellant are the claims that the court permitted the executor to exercise an option to purchase stock devised in trust by the will of decedent and that the court approved the sale of estate assets to the executor in exchange for the executor assuming certain estate obligations. Appellant further contends the asserted violations by the executor were contrary to the provisions of § 33–3–5, N.M.S.A.1953.

Section 33–3–5, supra, specifies as follows:

"No trustee shall directly or indirectly buy or sell any property for the trust from or to itself or an affiliate; or from or to a director, officer, or employee of such trustee or of an affiliate;

or from or to a relative, employer, partner, or other business associate."

The issues relied upon by appellant under Points 4 and 6 were not raised or litigated before the lower court. Appellant contends the applicability of § 33–3–5, supra, was raised by his requested conclusions of law. However, this contention does not appear to be supported by the record. It is not error to refuse requested conclusions relating to issues which were not tried. Moya v. Chilili Cooperative Association, Inc., 87 N.M. 99, 529 P.2d 1220 (1974). Issues not properly raised in the trial court and on which a ruling by the trial court was not properly invoked will not be considered on appeal. Groendyke Transp., Inc. v. New Mexico St. Corp. Comm'n, 85 N.M. 718, 516 P.2d 689 (1973); Landers v. Board of Education of Town of Hot Springs, 45 N.M. 446, 116 P.2d 690 (1941).

Point 5 concerns itself with claimed error on the part of the trial court in excluding one of petitioner's tendered exhibits. At the hearing upon the Amended Final Account and Report of the executor, appellant moved for the introduction into evidence of a December 29, 1967 financial statement of Langdon L. Skarda, one of decedent's sons. The lower court refused this tender.

Appellant claimed this exhibit was relevant to the question of the value of bank stock of the decedent in the Citizens Bank of Clovis. The value of property in an estate is fixed, however, by the appraisal. Section 31–3–5.5, N.M.S.A.1953 (Supp. 1973), provides in applicable part:

"The appraisal of the estate is final unless the bureau of revenue on behalf of the state or some other person interested in the estate appeals to the court in which the estate is pending. An appeal may be taken within thirty [30] days of the filing of the appraisal. * * *"

■ The appraisal was filed in the estate January 30, 1969 and no appeal was taken therefrom. The appraisal is final unless appeal is taken therefrom within thirty (30) days. Section 31–3–5.5, supra. Thus, we find the action of the trial court in refusing the tender of appellant was not error.

■ Point 7 relates to the claim that the trial court erred in closing the estate before the taxes had been paid. Petitioner claims more taxes will be due because of certain transfers made by the decedent. The district court sitting in probate had the power to determine if these transfers were taxable and it decided they were not. The trial court acted under the authority of § 31–16–18, N.M.S.A.1953, since repealed.

The lower court adopted a finding of fact which stated:

"8. The succession tax to the State of New Mexico, and the federal estate tax have been satisfied, all as appear from Certificate of No Tax Due and Internal Revenue Estate Tax Closing Letter on file herein, and the estate is ready to be closed and the Executor discharged."

Section 31–16–18, supra, provided that the probate court had jurisdiction to hear and determine all questions in relation to taxes that may have arisen incident to the estate. We think the trial court properly adopted its Finding No. 8 and that the record substantiates the finding.

Finally, appellant contends in Point 9, that the executor has performed his duties and dealt with the estate contrary to statute and general law applicable to fiduciaries and should have been removed by the lower court.

■ Appellant failed to initiate removal proceedings against the executor of decedent's estate pursuant to § 31–1–26, N.M.S.A.1953, but, nevertheless, contends the trial court was obliged as a matter of law to have taken steps to remove the executor prusuant to § 31–1–28, N.M.S.A. 1953. The latter statute clearly invests in the district court the discretion in proper cases to remove an executor who has failed or refused to properly administer the estate or protect the assets of the estate. Here, however, no abuse of the court's discretion has been substantiated and no showing has been made of prejudice to the estate, or loss or damage to appellant. Appellant failed to comply with the provisions of § 31–1–26, supra, in seeking the removal of the executor and the trial court correctly refused such request to remove the executor at a hearing upon the Amended Final Account and Report.

Finding no error, the judgment of the trial court is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN and MONTOYA, JJ., concur.