No. 13811

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

EDDIE A. ZIEGLER and KATHRYN ZIEGLER,

Plaintiff and Appellant,

-vs-

STEPHEN A. KRAMER et al.,

Defendant and Respondent.

---

Appeal from: District Court of the Thirteenth Judicial
District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Joseph P. Hennessey argued, Billings, Montana

For Respondent:

Hibbs, Sweeney and Colberg, Billings, Montana
Maurice R. Colberg, Jr. argued, Billings, Montana

---

Submitted: December 6, 1977

Decided: JAN - 5 1977

Filed: JAN - 5 1977

Thomas J. Kearney
Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

Plaintiffs appeal from an order of the District Court, Yellowstone County, denying plaintiffs' motion to file an amended and supplemental complaint and granting defendant's motion for summary judgment.

On April 8, 1976, defendant and respondent, personal representative of the estate of Rita G. Klein, published a first "notice to creditors" of the decedent's estate, pursuant to section 91A-3-803, R.C.M. 1947. Plaintiffs filed a creditors' claim against decedent's estate, alleging that the estate was indebted to plaintiffs in an undetermined amount for services rendered to decedent, and that this claim was secured by a writing, signed by the decedent, which said that decedent gave plaintiffs "ALL MONIES ON DEPOSIT AT THE FIRST NATIONAL BANK AND TRUST COMPANY, BILLINGS, MONTANA." Defendant, personal representative, rejected the claim and plaintiffs then filed an action in District Court, Yellowstone County, on the same contract theory that they had set forth in their creditors' claim.

Defendant submitted a motion to dismiss, which was denied by the District Court. Defendant then filed his answer, and based on plaintiffs' testimony in depositions, moved for summary judgment. In the depositions, plaintiffs admitted that the services on which they based their claim were neighborly services which they had performed for the decedent without any expectation of payment. Defendant supported his motion for summary judgment with a brief in which he cited authorities for the proposition that " * * * when services are rendered without expectation of compensation on the part of the one rendering the service * * * no contract is implied."

Plaintiffs thereafter filed a motion to amend and add supplemental complaint, pursuant to Rule 15(a) and (d), M.R.Civ.P.

In their proposed supplemental complaint, plaintiffs sought to add a theory of recovery under gift causa mortis to their contract theory. In support of their gift causa mortis claim, plaintiffs submitted, as an exhibit, the same document, signed by decedent, which had supported their contract claim. Defendant filed a brief in opposition to plaintiffs' motion to amend and supplement their complaint, asserting that there was no claim of gift in either the claim against the estate or the original District Court complaint. Defendant asserted that the complaint based on gift causa mortis was therefore barred by the statute of limitations in section 91A-3-808, R.C.M. 1947, because it was a new claim which was not filed within four months of the first notice to creditors of decedent's estate. The first notice to creditors was published on April 8, 1976; the proposed amended and supplemental complaint was filed on February 23, 1977.

District Judge Charles Luedke denied plaintiffs' motion to file an amended and supplemental complaint and granted defendant's motion for summary judgment.

The issues raised by plaintiffs in this appeal are:

1. Did the district judge abuse his discretion in denying plaintiffs' motion to submit an amended and supplemental complaint?

2. Did the district judge abuse his discretion in granting defendant's motion for summary judgment?

We shall discuss these issues in reverse order.

Our inquiry as to the propriety of the summary judgment order focuses on whether " * * * the pleadings, depositions * * * and admissions on file * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" Rule 56(c), M.R.Civ.P.

In Montana, by statute, filing a creditor's claim with

- 3 -

the estate within four months of the first publication of notice to creditors is a prerequisite to bringing an action on the claim in District Court. Section 91A-3-803, R.C.M. 1947. In this case, the only claim which plaintiff filed on the estate within the four month statute of limitations was based on a contract theory "That said estate is indebted to (appellants) * * * for services rendered over a period of nine years. * * *" In depositions, plaintiffs stated that the services rendered to decedent upon which they based their claim, included heavy work, shoveling sidewalks, trimming hedges, taking decedent to the stores for shopping, and helping decedent with her screens and storm windows.

Plaintiffs, in their depositions, admitted that they had performed the services for decedent with no expectation of payment; rather, plaintiffs indicated that they performed the services out of kindness for an elderly neighbor. However laudable plaintiffs' actions on behalf of decedent may have been, there was no implied contract of payment since there was no understanding between plaintiffs and decedent that plaintiffs would receive payment as consideration for the services they performed. In denying a plaintiffs' contract claim against an estate for services rendered to a decedent, the California Court of Appeals stated:

> " * * * If at the time the services were originally rendered they were intended to be gratuitous or as an accomodation, motivated by friendship, kindness, or some other significant relationship existing between the parties, and were tendered without any expectation of remuneration, they cannot afterwards be converted into an obligation to pay their reasonable value under the theory of an implied contract. * * *"

Payne v. Bank of America National Trust and Savings Assn. (1954), 128 Cal.App.2d 295, 275 P.2d 128, 134. See also, Kershaw v. Tracy Collins Bank and Trust Co. (1977) ____Utah 2d____, 561 P.2d 683, 685; 54 A.L.R. 548. Because in this case there was, as a

- 4 -

matter of law, no implied contract for payment, summary judgment was properly granted on the contract claim.

Nor did the district judge abuse his discretion in denying appellants' motion to amend and supplement their District Court complaint to include a gift theory of recovery. The four month statute of limitations in section 91A-3-803 was enacted to expedite the closing of decedents' estates. The claim sued upon in District Court must be within the scope of the claim presented to the executor.

> " * * * The plaintiff may not prove a cause of action entirely other than or different from that stated in his claim, and clearly cannot recover upon evidence showing an entirely different claim. As the Montana court [in Brown v. Daly (1906), 33 Mont. 523, 84 P. 883] tersely remarks regarding the claim upon which an action may be maintained: 'What claim? It goes without saying that it is the identical claim which was presented; otherwise the law would be a dead letter.'" Banc.Prob.Prac.2d §901.

Here the claim sued upon (gift) is not within the scope of the claim (contract) presented to the executor. See Brown v. Midland Nat. Bank (1967), 150 Mont. 422, 435 P.2d 878 (claim in debt materially different from court action based on oral contract to bequeath); Brion v. Brown (1959), 135 Mont. 356, 340 P.2d 539 (claim in quantum meruit materially different from court action based on contract to deed or devise real property).

Plaintiffs maintain that under Rule 15(a), M.R.Civ.P., the judge was required to allow them to amend their complaint so as to include a gift theory of recovery. Rule 15(a) provides that, after a defendant has served his answer, a plaintiff may amend his complaint by leave of court, " * * * and leave shall be freely given when justice so requires. * * *" Plaintiffs note that the fact that a proposed amendment of the complaint would change the legal theory upon which the action is brought is not in itself a valid reason for denying a motion to amend. Prentice

- 5 -

Lumber Co. v. Hukill (1972), 161 Mont. 8, 504 P.2d 277.

While we agree with plaintiffs that the purpose of Rule 15(a), M.R.Civ.P., is to encourage the resolution of cases on the merits by freely allowing amendment of complaints "when justice so requires", we do not believe that that is in issue in this case.

It is irrelevant whether plaintiffs bring a District Court claim based on the contract theory of their original complaint or on the gift theory in their proposed amended complaint; the legal theory of their District Court complaint cannot alter the fact that the only claim which plaintiffs timely filed with the personal representative against the decedent's estate was a contract claim. A District Court complaint against the personal representative based in contract is within the scope of the creditor's claim filed against the estate but, for the previously discussed reasons, fails as a matter of law. A complaint brought on a gift theory fails because it is a material variance from the contract claim brought against the estate.

The order of the District Court denying plaintiff's motion to submit an amended and supplemental complaint and granting defendant's motion for summary judgment is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

- 6 -