624 P.2d 1037

**In the Matter of the ESTATE of Billy Jack ONEY, Deceased.**

**Edna ONEY, Personal Representative of the Estate of Billy Jack Oney, Appellant,**

v.

**Jerry ODOM and Coleen Odom, and their Trustee in Bankruptcy, Appellees.**

**No. 4877.**

Court of Appeals of New Mexico.

Feb. 12, 1981.

Roger V. Eaton, Campbell, Cherpelis & Pica, Albuquerque, for appellant.

Harold J. Breen, Broxterman & Breen, Albuquerque, for appellees.

## OPINION

WOOD, Judge.

This interlocutory appeal involves the late presentment of claims against an estate. We discuss the interrelationship of §§ 45–3–803 and 45–3–804, N.M.S.A.1978.

Oney died in November, 1978. Administration proceedings were opened in December, 1978 and the first notice to creditors "to present their claims within two months after the date of the first publication of the notice or be forever barred" (§ 45–3–801, N.M.S.A.1978) was published on December 14, 1978. The two-month period expired on February 14, 1979.

The claimants are the Odoms and their trustee in bankruptcy. Their "formal claim" was for breach of contract and wrongful repossession. Without reference to this "formal claim", the claimants, at times, characterize their claims as involving assault, trespass, conversion and violation of the Commercial Code. An additional claim was for fraud. We do not dispose of the fraud claim on the basis that it was not raised in the trial court, R.Civ.App. 11; rather, we consider it on the merits.

The pertinent provisions of § 45–3–803, supra, are:

A. All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort or other legal basis, if not barred earlier by other statutes of limitations, are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as follows:

(1) within two months after the date of the first publication of notice to creditors if notice is given in compliance with Section 3–801 [45–3–801 NMSA 1978], except that claims barred by the nonclaim statute at the decedent's domicile, before the first publication for claims in this state, are also barred in this state; or

(2) within three years after the decedent's death, if notice to creditors has not been published.

B. All claims against a decedent's estate which arise at or after the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort or other legal basis, are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as follows:

(1) a claim based on a contract with the personal representative, within four months after performance by the personal representative is due; and

(2) any other claim, within four months after it arises.

Section 45–3–803(A), supra, refers to claims "which arose before the death of the

decedent * * * *" Claimants recognize that all claims, except the one for fraud, arose before Oney's death, and that the two-month provision applies. None of the "arose before the death" claims were presented before the two-month provision expired on February 14, 1979.

Section 45–3–803(B), supra, refers to claims "which arise at or after the death of the decedent * * * *" Claimants assert the fraud claim comes within this category, and that they had four months to present the fraud claim after it arose. Assuming, but not deciding, that § 45–3–803(B), supra, does apply, claimants' brief refers to the fraud claim arising in "early 1979". No fraud claim was presented within four months after it arose.

■ Although not specifically stated, claimants may be contending that a claim for breach of contract not timely presented under § 45–3–803(A), supra, was subsequently amended, or identified to be, a fraud claim under § 45–3–803(B), supra, and because of this subsequent change, the four-month provision rather than the two-month provision should apply. If such is the contention, it is without merit. The fraud claim stated in claimants' proposed first amended complaint relies on entirely different conduct allegedly resulting in an entirely different wrong than the conduct allegedly resulting in a breach of contract. See *Scott v. Newsom*, 74 N.M. 399, 394 P.2d 253 (1964). The amendment or identification of this claim as one of fraud rather than in contract, after the two-month period had expired, was insufficient to change the time period from two months under § 45–3–803(A), supra, to four months under § 45–3–803(B), supra. *Ziegler v. Kramer*, 175 Mont. 236, 573 P.2d 644 (1978).

■ Claims not timely presented under § 45–3–803, supra, are barred. Being barred, claimants may not recover on the untimely claims. *Mathieson v. Hubler*, 92 N.M. 381, 588 P.2d 1056 (Ct.App.1978).

The estate moved the trial court for an order declaring that claimants' claims were barred. The trial court denied the motion, ordered that claimants be allowed to present their claims under § 45–3–803, supra, and ruled that "good cause" existed for authorizing the late presentments. The trial court's theory of "good cause", stated from the bench, was "everybody should have their day in court if there is any controversy of this sort so I'm going to extend the time." This view, which disregards statutory provisions, is not defended in this appeal.

■ Claimants assert that § 45–3–804(C), supra, "grants to the District Court a reservoir of equitable power in respect to contingent and/or unliquidated claims, such as indefinite tort claims, to allow an extension of time *in order to avoid injustice* in which to commence a proceeding to obtain payment from the estate of the claim." (Claimants' emphasis.) This is a misreading of the statute.

Section 45–3–804, supra, reads:

Claims against a decedent's estate may be presented as follows:

A. the claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant and the amount claimed, or he may file a written statement of the claim with the district court. The claim is presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the district court. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. Failure to describe correctly the security, the nature of any uncertainty, and the due date of a claim not yet due does not invalidate the presentation made;

B. the claimant, without the necessity of filing a claim, may commence a proceeding against the personal representative in any court where the personal representative may be subjected to jurisdiction, to obtain payment of his claim against the estate, but the commence-

ment of the proceeding must occur within the time limited for presenting the claim. No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death;

C. if a claim is presented under Subsection A of this section, no proceeding thereon may be commenced more than sixty days after the personal representative has mailed a notice of disallowance. However, in the case of a claim which is not presently due or which is contingent or unliquidated, the personal representative may consent to an extension of the sixty-day period, or to avoid injustice, the district court, on petition, may order an extension of the sixty-day period, but in no event shall the extension run beyond the applicable statute of limitations.

Section 45–3–804(A), supra, deals with presentment of a claim to the personal representative. Section 45–3–804(C), supra, states that *if* a claim has been presented, and the claim has been disallowed, proceedings to collect the disallowed claim may be commenced within 60 days after the mailing of the notice of disallowance. For certain claims, the trial court may extend this 60-day period in order to avoid injustice. Section 45–3–804(C), supra, deals with a time for bringing suit to collect a timely presented claim that had been denied.

Section 45–3–804(C), supra, does not deal with the time limits for presenting claims under § 45–3–803, supra, and does not authorize the trial court to extend the time limits of § 45–3–803, supra. This view of the statute is:

(a) Consistent with § 45–3–804(B), supra, which permits suit to collect a claim, without presentment to the estate representative, but such suit must be commenced "within the time limited for presenting the claim * * * * "

(b) Consistent with pre-Probate Code decisions to the effect that the timely filing of a claim is mandatory, and if not timely filed, the claim is barred as a matter of law. *In re Will of Skarda*, 88 N.M. 130, 537 P.2d 1392 (1975); *In re Estate of Welch*, 80 N.M. 448, 457 P.2d 380 (1969).

The trial court's order allowing presentment of claimants' claims is reversed; the cause is remanded with instructions to enter a judgment declaring the claimants' claims are barred.

IT IS SO ORDERED.

HERNANDEZ, C. J., and WALTERS, J., concur.