This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42143

**IN THE MATTER OF THE ESTATE
OF ESTEFANITA M. LUJAN, Deceased,
LAWRENCE LUJAN, Personal
Representative,**

   Petitioner-Appellee,

v.

**GERALDINE LUJAN,**

   Interested Party-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Michael Aragon, District Court Judge**

Atler Law Firm, P.C.
Timothy J. Atler
Jazmine J. Johnston
Albuquerque, NM

for Appellee

Geraldine Lujan
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Interested Party Geraldine Lujan (Appellant) appeals the district court's order of complete settlement of the Estate of Decedent Estefanita M. Lujan (the Estate). Unpersuaded by Appellant's amended docketing statement, we issued a notice of proposed summary affirmance. Appellant has responded to our notice with a self-

represented memorandum in opposition. We remain unpersuaded that Appellant has demonstrated error and affirm.

**{2}** On appeal, Appellant, one of the heirs to the Estate, challenges the fees paid and loans repaid to Lawrence Lujan and Grace Renton, the personal representatives of the Estate. [MIO 2-6, 8-13] Appellant also challenges the attorney fees paid to the Estate's attorney. [MIO 6-8, 12-13] Appellant contends the district court erred by not removing Lawrence Lujan as personal representative and replacing him with Appellant. [MIO 13-23]

**{3}** Appellant's contention that the fees paid to the personal representatives and their attorney were excessive is based on her view that they did not settle the Estate in a timely manner, acted in their personal interest, and that Lawrence Lujan was incapacitated and therefore unreasonably required the Estate to pay an attorney for functions he should have performed himself. [MIO 2-6, 8-13] Our notice proposed to affirm largely on grounds that Appellant appeared to inaccurately represent that there was no evidentiary basis to support the fee award to the personal representatives and also did not provide this Court with all the relevant information to address her claims of error. [CN 1-4] Our notice explained what information was missing and what information Appellant needed to include to properly allege and demonstrate error. [CN 2, 4] Appellant's response to our notice did not adequately cure the deficiencies in the amended docketing statement or demonstrate error, as we explain below.

**{4}** Appellant's memorandum in opposition includes conclusory arguments, asserting that the personal representatives spent hundreds and thousands of dollars paying bills for an unprofitable cattle business, loaning money to the Estate, and running a cattle operation, which she alleges were done without authorization and should not generate fees. [MIO 2, 4-10] However, Appellant again does not fully describe the arguments and evidence she presented and those presented by the personal representatives to rebut these contentions. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails in the obligation under Rule 12-208 NMRA to provide us with a summary of all the facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted).

**{5}** The record suggests that some of the loans the personal representatives made to the Estate were approved by the lawyer representing Appellant's family, and reimbursement was not sought on those loans. [2 RP 466] The record also suggests that other loans were made to pay for an easement to make the Maldonado property of the Estate sellable, pursuant to the settlement agreement reached between Decedent's children, which included Appellant's father. [2 RP 466-67] It appears the final loans were made to allow the Estate to conduct the business of the Estate. [2 RP 467] Personal representative Lawrence Lujan asserted in district court that he continued to run the cattle business in order for the Estate to have the income to divide the properties and sell the Maldonado property. [2 RP 470, 474] It was also pointed out that Appellant's father was running cattle and horses on the Estate property without making lease payments to the Estate. [2 RP 470-71, 473] In support of his authority to make the

loans, personal representative Lawrence Lujan relied on NMSA 1978, Section 45-3-715(A)(16) (1995), which expressly permits a personal representative to borrow or advance money to an estate to be repaid from estate assets where necessary to protect or preserve that estate. [2 RP 467] By approving the repayment of the loans to the personal representatives, the district court necessarily found in favor of the personal representatives that the loans were required in the ways they described to protect or preserve the Estate. *See Skarda v. Skarda*, 1975-NMSC-031, ¶ 27, 88 N.M. 130, 537 P.2d 1392 (holding that where prior approval of loans may have been required, the district court's approval of the final accounting, including the loans, constituted sufficient approval, even though approval was given after the fact). The record suggests the evidence supports district court's determination, and, on appeal, we will not reweigh evidence nor substitute our judgment for that of the fact-finder. *See Charles v. NMSU Regents*, 2011-NMCA-057, ¶ 20, 150 N.M. 17, 256 P.3d 29 (stating that in reviewing the sufficiency of the evidence, we do not reweigh evidence or substitute our judgment for that of the finder of fact). Appellant does not demonstrate the district court abused its discretion or otherwise erred by allowing the repayment of the loans.

**{6}**     For similar reasons, we are not persuaded that Appellant has demonstrated the district court abused its discretion in determining that the fees requested by the personal representatives and their attorney were unreasonable as a result of the length of time it took to complete the Estate and the functions performed by the attorney. While it may seem that twenty-four years is a long time to complete an estate, Appellant does not explain what all was required of the personal representatives in liquidating and distributing the Estate, what obstacles were presented, what was accomplished during that time, and how Appellant demonstrated to the district court that those accomplishments were so untimely under the circumstances that the fees requested— about $1,300 per year for Lawrence Lujan and $1,000 per year for Grace Renton—were unreasonable. Where an appellant discusses only facts tending to show that some findings were contradicted, the appellant does not "address the substance of all the evidence bearing on the findings" and therefore necessarily fails to "demonstrate how the evidence supporting the district court's findings fails to amount to substantial evidence." *Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 2010-NMCA-021, ¶ 17, 147 N.M. 720, 228 P.3d 504, *aff'd* 2011-NMSC-039, 150 N.M. 650, 265 P.3d 701.

**{7}**     The need for Appellant to describe the evidence and arguments presented in district court is particularly important in this case, given the relatively small record generated by this probate case. The record before us begins about nineteen-and-one-half years after the death of Decedent, many years after all the cattle were sold, and less than five years before the complete settlement of the Estate. [1 RP 1-6; 2 RP 509-15] Appellant predicates many of her claims of asset waste on events that occurred in the years that preceded the district court's involvement in this formal probate case, which made it crucial that Appellant present evidence of the alleged waste to the district court. *See State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)). As we have emphasized to Appellant, it is also crucial for Appellant to describe that evidence on appeal and explain how it demonstrates mismanagement of

the Estate and the alleged unreasonableness of the fees. *See State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (explaining that the summary calendar relies on the parties' pleadings in this Court to provide all the relevant facts and take the place of the complete record); *see also Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). Without a description and explanation, Appellant does not establish error. *See State v. Carlos A.*, 1996-NMCA-082, ¶ 8, 122 N.M. 241, 923 P.2d 608 ("[T]here is a presumption of correctness in the rulings or decisions of the trial court and the party claiming error must clearly show error."). Indeed, our review of events in the district court record show that it is replete with evidence that *Appellant's* actions seemed to prolong the formal probate process.

**{8}** To the extent that Appellant contends that the personal representatives failed to perform their duties and wasted Estate resources by delegating their responsibilities to their attorney, Appellant does not refer us to any authority that would prohibit the personal representatives' reliance on their attorney. Section 45-3-715(A)(21) expressly permits personal representatives to employ attorneys to advise or assist in the performance of their administrative duties. Appellant does not refer us to any evidence proving, or case law suggesting, that the kinds of tasks the attorney performed were unreasonable or not done "for the benefit of the interested persons." *See* § 45-3-715(A)(21) (providing that it is proper for personal representatives to employ an attorney where they are "acting reasonably for the benefit of the interested persons"); *see also ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (refusing to consider a proposition that was unsupported by citation to authority). Appellant's personal beliefs about the reasonableness of the attorney fees and the reasonableness of the personal representatives' reliance on the attorney do not constitute legal authority upon which reversal may be based.

**{9}** Also in response to our notice, Appellant contends that the personal representatives' claims about the time they spent on the Estate lacked evidentiary support. [MIO 2, 4] To the contrary, the record suggests that evidence was presented that documented the work of the personal representatives on the Estate, and Appellant fails to describe that evidence or address why it was insufficient to warrant the fees they requested. [2 RP 436, 457-59, 468] *See Headley*, 2005-NMCA-045, ¶ 15; *Carlos A.*, 1996-NMCA-082, ¶ 8; *Talley*, 1985-NMCA-058, ¶ 23. We also note that in the later performance of his duties personal representative Lawrence Lujan was assisted greatly by his son, Carlos Lujan, who took no compensation.

**{10}** Based on the foregoing, we are not persuaded that Appellant has demonstrated error in the award of fees to the personal representatives or to their attorney.

**{11}** Lastly, Appellant continues to pursue her claim that the district court abused its discretion by denying her petition to remove Lawrence Lujan and replace him as personal representative. [MIO 13] *See In re Estate of Boyer*, 1994-NMCA-005, ¶ 30, 117 N.M. 74, 868 P.2d 1299 (reviewing an order on a petition to remove a personal representative for abuse of discretion). To the extent Appellant suggests that removal

was appropriate for the mismanagement of the Estate, as we explained above, we are not persuaded that Appellant has established such mismanagement. To the extent Appellant suggests removal was appropriate because Lawrence Lujan was unable to complete his duties due to incapacity, we remain unpersuaded. The district court did not agree that Lawrence Lujan was unable to complete his duties and found that the evidence showed that Lawrence Lujan fully administered the Estate assets, managed and disposed of the properties appropriately, and did so according to the terms of the settlement agreement and with the assistance of his son. [2 RP 510-12] Enlisting the assistance of his son was permitted by law. *See* § 45-3-715(A)(21) (permitting a personal representative to "employ persons, including attorneys, accountants, investment advisors, appraisers or agents, even if they are associated with the personal representative, to advise or assist the personal representative in the performance of his administrative duties; act without independent investigation upon their recommendations; and, instead of acting personally, employ one or more agents to perform any act of administration, whether or not discretionary").

**{12}**　　In addition, the record suggests that Appellant did not properly file to replace Lawrence Lujan until the end was so near that it did not make sense to the district court or any of the attorneys involved, including her own, to make such a drastic change before completion of the Estate, where it was being appropriately handled. [2 RP 342-43 382] The district court also found that Appellant's actions had taken up much of the court's time as she had been advocating for herself and her family, which was not done by Lawrence Lujan as personal representative. [2 RP 382] Appellant's memorandum in opposition disputes this finding, contending that the settlement agreement of 2000 between Decedent's children was unfair to her family, the division of assets favored other parties, and that she continued going to the ranch, which benefitted all the parties. [MIO 20-22] We are not persuaded that all these contentions contradict the district court's findings. Further, any contrary evidence showing her contribution to the ranch that Appellant may have presented does not demonstrate that the district court abused its discretion or that the evidence was insufficient to support the district court's finding. *See Morga v. FedEx Ground Package Sys., Inc.*, 2022-NMSC-013, ¶ 14, 512 P.3d 774 ("An abuse of discretion occurs when the lower court's decision is contrary to law, logic, or reason."); *see also State ex rel. Reynolds v. Lewis*, 1964-NMSC-095, ¶ 4, 74 N.M. 442, 394 P.2d 593 (stating that "[t]he fact that there may have been contrary evidence which would have supported a different finding does not permit [a reviewing court] to weigh the evidence"). Lastly, the record amply supports the district court's finding that Appellant had been acting as an advocate for herself and her family and had thereby expended considerable time and resources of the district court and the Estate.

**{13}**　　For the reasons provided herein, we hold that Appellant has not established error, and affirm the district court's order of complete settlement of the Estate.

**{14}　IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**