JAMES A. HEARN & SON, Inc., v. UNITED STATES.

No. 42665.

Court of Claims.
Nov. 5, 1934.

Edmund S. Kochersperger, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The material allegations of the petition are in substance that in the year 1923 and acting pursuant to a claim for refund duly filed by the plaintiff, the defendant's officials determined that the plaintiff had overpaid its taxes for the fiscal year ending February 28, 1917, and without any authority from the plaintiff the defendant applied the entire amount of the overpayment as a credit against an additional tax upon the plaintiff for the year 1918, more than five years after the filing of the tax return for the fiscal year ending February 28, 1918; that the collection of additional taxes for the said fiscal year 1918 was prohibited by the statute of limitations at the time or date of the application of the credit as aforesaid; and that under section 609 of the Revenue Act of 1928 (26 USCA § 2609) the credit so made was rendered void and a cause of action created by reason of which there is now owing to the plaintiff the sum of $46,001.36 with interest, all of which is evidenced by duly delivered certificate of overassessment.

The defendant demurs to the petition on the ground that it does not set forth a cause of action, and more specifically it is contended on behalf of the defendant that the suit is not brought in time to recover an overpayment for 1917, as it was not brought within five years of the payment of the tax, or within two years of the rejection of the claim for refund, nor was it brought within six years of the issuance of the certificate of overassessment. It is said also that as a suit for an untimely collection for 1918 it is not shown that there is any claim for refund filed for 1918, nor is it shown that the suit was brought within five years of the credit, even if that be treated as a payment on the 1918 taxes.

The plaintiff appears to rely on sections 607 and 609 of the Revenue Act of 1928 (26 USCA §§ 2607, 2609); section 607 providing in substance that a payment upon a barred tax shall be considered an overpayment and refunded if claim therefor is duly filed, and section 609 providing in substance that a credit upon the barred tax shall be void if the payment thereon would be considered an overpayment under section 607. In other words, the theory of the plaintiff is that these sections by and of themselves alone created a new cause of action on the part of the plaintiff. The plaintiff does not rely upon an account stated by virtue of the certificate of overassessment. The contention is that at the time the 1928 statute went into effect the cause of action was thereby created and the statute of limitations runs from that period. The error in this contention is manifest. Section 1113 (a) of the Act of 1926 (26 USCA § 156), amending section 3226 of the Revised Statutes, provides first for the filing of a claim for refund, and next that no proceeding shall be begun after the expiration of five years from the date of the payment of the tax unless such suit is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. Section 3226 was not repealed by the act of 1928. It is still necessary to file a proper claim for refund and to bring suit within the period specified by this act unless the suit is brought upon an account stated, which is not the case here. In stating a case of the nature of the one now before us, it is not sufficient to allege in the petition that a refund claim was filed. The Treasury Regulations require that this document should state the basis or ground of the claim for refund. Unless it does so state it is insufficient, and, even if the grounds are stated, if they are not the grounds relied upon in the suit, no recovery can be had. Besides this, the suit must be brought within a certain period, as stated above. The petition seems to have been drawn with a view that after the enactment of the statute of 1928 these provisions had no force and effect. But, as above stated, this is clearly erroneous. With reference to the time of filing of a claim of refund it only states that a claim for refund was "duly filed." But this is merely a legal conclusion, and for the purposes of the demurrer must be treated as not showing when the claim for refund was filed. It will be observed also that it gives no information whatever in relation to

700

the contents of the document which was filed. There is nothing to show whether it is the taxes of 1917 or 1918 which are sought to be recovered by the claim for refund, or whether its form and contents were such as to constitute a proper claim for refund. There is an allegation that the action of the government officials in determining the overpayment created an implied contract on the part of the government to repay the same, but this is simply an erroneous legal conclusion which adds nothing to the effect of the pleading. When it is found that an overpayment of taxes has been made, its recovery can only be had in the manner prescribed by the statute, which plaintiff does not attempt to follow.

This renders it unnecessary for us to determine the effect of the statute of 1928 on the case before us except to say, as stated above, that it did not repeal section 3226. It also makes it unnecessary to consider more in detail the specific objections made by defendant to the petition. For the reasons stated above, the petition must be held to be insufficient, the demurrer sustained, and the petition dismissed. It is so ordered.

BOOTH, Chief Justice, and WHALEY, WILLIAMS, and LITTLETON, Judges, concur.