## GENERAL TALKING PICTURES CORPORATION v. HYATT.

No. 7170.   Decided November 15, 1948.   (199 P. 2d 147.)

See 49 C. J., Pleading, sec. 351; 41 Am. Jur. 314.

*F. B. Hammond,* of Price, for appellant.

*Marl D. Gibson* and *Edward Sheya,* both of Price, for respondent.

WOLFE, Justice.

Appeal on the judgment roll by the plaintiff from an adverse judgment in an action against defendants, as personal representatives, on certain claims against the estates of E. H. and William Littlejohn.

Plaintiff is a Delaware corporation having its office and principal place of business in New York City. Defendants are the executrix and administrator of the estates of E. H. and William Littlejohn, respectively.

In its complaint, plaintiff alleged that it had entered into a certain contract with the Littlejohns, hereinafter referred to as decedents, a copy of which contract was attached to the complaint, and by reference, incorporated in and made

a part thereof. By the terms of the contract plaintiff was to furnish and install, for the benefit of decedents, certain equipment for which decedents agreed to pay $50.00 per year, and certain other consideration not here material. Decedents agreed that at the end of the term (ten years) they would return said equipment to plaintiff at its New York office. Plaintiff commenced this action to recover the amount of the unpaid annual installments and the value of the equipment, which had never been returned.

The grounds upon which the court based its judgment for defendants were: (1) plaintiff's cause of action was barred by the statute of limitations; and (2) plaintiff's claim, when presented to defendants, was not accompanied by a copy of the contract on which it was founded; (as required by the terms of Section 102-9-5, U. C. A. 1943). If the trial court was correct as to either of the two grounds the judgment must be affirmed.

The second mentioned point is the one first argued by the parties in their briefs, and we shall consider it first in this opinion.

As to the plaintiff's failure to accompany its claim with a copy of the instrument upon which such claim was founded, plaintiff alleged in its complaint:

"12. That under the date of April 12, 1945, plaintiff *duly* presented its claim in the sum of $3500 to said Naida L. Hyatt as the executrix of the said E. H. Littlejohn, deceased, and to said James Cochran Littlejohn as administrator with the will annexed of the estate of said William Littlejohn, deceased." (Italics ours.)

In answer to this allegation defendants admitted "that the plaintiff presented to each a *purported* [italics ours] claim in said estate" and denied each and every other allegation of paragraph 12 of plaintiff's complaint.

The trial court's finding of fact No. 14 was as follows:

"That on or about the 12th day of April, 1945, the plaintiff presented its claims in the sum of Thirty-Five Hundred Dollars ($3500.00)

each to Naida L. Hyatt, as Executrix of the Estate of E. H. Littlejohn, deceased, and to James Cochran Littlejohn, as administrator with will annexed of the Estate of William Littlejohn, deceased, *but did not accompany or present with said claims, or either of them, a copy of the written Agreement upon which the same was and is founded or based.*" (Italics added.)

Plaintiff excepts to the above finding and assigns it as error. Of course, where the appeal is on the judgment roll, as in this case, we must assume that the findings are supported by the evidence. Nor does plaintiff contend otherwise. Plaintiff's position is that by alleging ■ in its complaint that it "duly presented" its claim, plaintiff in effect alleged not only presentation, but all the formalities and incidents necessary to a proper presentation of a claim. Stated differently, plaintiff insists that the word "duly" connotes compliance with all incidental statutory requirements as to time, place, etc., and including accompaniment of the claim with a copy of the instrument on which it is founded. Plaintiff further insists that defendants, by admitting that plaintiff filed a "purported claim," admitted not only the filing of the claim but all the formalities and requisites encompassed within the meaning of the word "duly" as defined and understood by plaintiff. Plaintiff therefore concludes that his allegation was admitted by the answer, and hence the court's finding was contrary to the facts as established by the allegations and admissions of the pleadings.

On the other hand, defendants assert, with equal vehemence, that the word "duly" tenders no justiciable issue of fact, that it is a mere legal conclusion, redundant and irrelevant. They further contend that even if the word "duly" be given the effect contended for it by plaintiff, that by admitting the presentation of a "purported claim" they did not admit that the claim complied with all of the statutory requisites for a valid claim. They argue, therefore, that the issue of the sufficiency of the claim, and particularly the issue as to whether it was properly accompanied by a copy

of the instrument upon which it was founded, was before the court.

The meaning of the word "duly" is discussed at some length in 28 C. J. S., Duly, page 585, et seq. That discussion insofar as material here reads as follows:

"The word ["duly"] has acquired a fixed legal meaning, and when used before any word implying action, it means that the act was done properly. It does not relate to form merely, but includes form and substance, implying the existence of every fact essential to perfect regularity of procedure, and the observance of statutory requirements; and has been defined generally as meaning according to law, or some rule of law, or practice;  *  *  *  by proper procedure;  *  *  * properly, regularly, sufficiently.  *  *  *  It is often used before such words as  *  *  *  'presented,'  *  *  *  and in such cases means legally. *In pleading, the term imports but a conclusion relating only to the formalities observed or nonobserved, and tenders no issue.*" (Italics added.)

See also 13 Words and Phrases, Perm. Ed., page 606. And as holding the word "duly" as used in a pleading a mere conclusion of law, see *James A. Hearn & Son* v. *United States*, 8 F. Supp. 698, 80 Ct. Cl. 260.

There can be little question that a pleader, when pleading compliance with statutory rules or with other established procedure, should plead the acts constituting actual compliance with the various requirements of the statute, rather than merely pleading that the ultimate requirement had been "duly" complied with. For example, in this case, if plaintiff had pleaded presentation of its claim to the defendants, and that such claim was accompanied by a copy of the contract on which such claim was based, the question now under discussion would never have arisen. But it is not necessary in this case to determine whether the use of the word "duly" in a pleading should be deemed a pleading of a conclusion of law in some or all cases. For giving to the word the full effect claimed for it by plaintiff, and assuming that it was sufficient pleading of full compliance with the statutory requirements, we do not

think defendants' answer can be construed as admitting such allegations. Defendants admitted that a "purported claim" was filed by plaintiff, but otherwise denied the allegations of plaintiff in that regard. By the expression "purported claim" defendants apparently meant "professed claim" or "intended claim." The implication of the word "purported" is that something is deficient or amiss; everything is not as it is intended to be. By admitting that a "purported claim" was filed, defendants admitted nothing more than that plaintiff had presented them with a paper which it intended to be a sufficient claim under the statute. There was no admission of compliance with all of the requirements of the statute as to the presentation of claims. It cannot be said that the trial court made a finding contrary to the facts admitted by the pleadings, and there was no error in that regard.

Since the court found that plaintiff had failed to comply with the statutory procedure for filing a claim against the decedent's estate, and such finding cannot be held to be error, that is determinative of the case, and it is unnecessary to consider the question of the statute of limitations. The judgment is affirmed. Costs to respondents.

McDONOUGH, C. J., PRATT, WADE, and LATIMER, JJ., concur.