683 P.2d 1342
**Epimenio LUCERO,**
**Plaintiff-Appellant-Appellee,**

v.

**NORTHRIP LOGGING COMPANY,**
**Defendant-Appellant,**

**and**

**Nationwide Insurance Company,**
**Defendant-Appellee.**

**No. 7444.**

Court of Appeals of New Mexico.

June 5, 1984.

Certiorari Denied July 19, 1984.

Matthew L. Chacon, Espanola, for plaintiff-appellant Epimenio Lucero.

Edmund H. Kendrick, Montgomery & Andrews, P.A., Santa Fe, for defendant-appellee Nationwide Ins. Co.

John L. Lenssen, Caldwell, Lenssen, Mandel & Jesmer, Santa Fe, for defendant-appellant Northrip Logging Co.

## OPINION

NEAL, Judge.

In this case the employer died and the workman filed a workmen's compensation action. The action was timely filed under NMSA 1978, Section 52–1–31(A) of the Workmen's Compensation Act, but untimely filed under NMSA 1978, Section 45–3–803(B) of the Probate Code. Which limitation period applies?

The defendant moved for summary judgment based on Section 45–3–803(B). The trial court denied the motion and the defendant brought this interlocutory appeal.

The plaintiff was employed by Northrip Logging Company, a sole proprietorship run by Oran Northrip. Oran Northrip died on April 5, 1981. On April 20, 1981, his wife, Pansy Northrip, was appointed personal representative, and continued to run the business.

On May 8, 1981, the plaintiff was injured while working for Northrip Logging. In

its amended answer Northrip Logging states that it paid the plaintiff compensation benefits to March 11, 1982. Northrip Logging is self-insured; Nationwide Insurance Company received summary judgment and is not involved in this appeal.

On October 20, 1982, the plaintiff filed this workmen's compensation action based on the May 8, 1981 accident. The defendant denies that the plaintiff has a claim, but assumes that if he does, it began on March 11, 1982, when benefits stopped. The plaintiff does not agree with this, arguing that he was not aware that he had a compensable injury until much later. However, for this appeal we assume, but do not decide, that he had a claim on March 11, 1982.

**The Limitations Period.**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. NMSA 1978, Civ.P.R. 56(c) (Repl.Pamp.1980); *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

The defendant contends that Section 45–3–803(B) of the Probate Code bars this action and that it is entitled to judgment as a matter of law. That section states:

B. All claims against a decedent's estate which arise at or after the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort or other legal basis, are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as follows:

*   *   *   *   *   *

(2) Any other claim, within four months after it arises.

The defendant argues that the workman's claim, filed October 20, 1982, was brought more than four months after it arose.

Section 52–1–31(A) of the Workmen's Compensation Act, with an exception not applicable here, gives the workman one year to file his claim against "an employer or his insurer." Under this section the filing was timely.

When two statutes conflict the special statute controls over the general statute, unless it is clear that the Legislature intended to make the general act controlling. *State v. Wilkins*, 88 N.M. 116, 537 P.2d 1012 (Ct.App.), *cert. denied*, 88 N.M. 319, 540 P.2d 249 (1975). It is also true that workmen's compensation statutes are sui generis and create rights, remedies and procedures which are exclusive. *Lipe v. Bradbury*, 49 N.M. 4, 154 P.2d 1000 (1945).

In this situation we have a workman bringing a workmen's compensation action against his employer and the workmen's compensation statute is the special statute. The Probate Code refers to claims against the "decedent's estate" or "personal representative," and is the general statute. Does the Probate Code indicate that the Legislature intended to make it, the general statute, controlling?

Because the workmen's compensation statutes create exclusive rights, remedies, and procedures we presume that the special workmen's compensation limitation applies, unless the Legislature clearly indicates otherwise. *State v. Wilkins*. We do not believe that Section 45–3–803(B) of the Probate Code evidences a clear legislative intent that it should apply to this situation.

The Probate Code language is quite broad, providing that "*all* claims * * * founded on contract, tort, *or other legal basis*, are barred against the estate [and] the personal representative * * *." (Emphasis added.) This language is strong, however, in holding that the workmen's compensation statute applies, we concentrate on the target of the claim.

Section 52–1–31(A) refers to suits against the "employer." We find it significant that "employer", defined in NMSA 1978, Section

52–1–15, includes "the legal representatives of a deceased employer." That covers this situation. The Probate Code section refers to claims against the "decedent's estate", or the "personal representative." In light of the definition of "employer" we cannot say that the Legislature intended that the Probate Code limitation period apply here. The language "or other legal basis" in Section 45–3–803(B) concerns the basis of the claim rather than the target of the claim. We consider the latter to be more important.

The Workmen's Compensation Act is remedial legislation designed to compensate injured workmen. *Casados v. Montgomery Ward Co.*, 78 N.M. 392, 432 P.2d 103 (1967). The policy behind the four-month limitation in the Probate Code is to promote prompt closing of estates, Section 45–1–102, however, we cannot believe the Legislature would compromise an injured workman's right to redress in favor of speedy administration of estates.

Finally, we are not persuaded by the defendant's reliance on *Stitz v. Ryan*, 192 Minn. 297, 256 N.W. 173 (1934). That case involved completely different facts and is not on point.

The trial court's denial of summary judgment is affirmed.

The defendant shall pay the costs of this appeal and plaintiff's attorney fees in the amount of $800.00.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.