740 P.2d 1191

**Jere CORLETT, Personal Representative of the Estate of Harry S. Bishop, Deceased, Plaintiff-Appellee,**

v.

**Larry SMITH, Personal Representative of the Estate of Hadrudj Djeandi Bishop, Deceased, Defendant-Appellant.**

**No. 8766.**

Court of Appeals of New Mexico.

July 14, 1987.

Certiorari Denied Aug. 14, 1987.

Carl J. Butkus, Terry R. Guebert, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendant-appellant Larry Smith.

James E. Thomson, Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Chief Judge.

Upon motion for rehearing, the prior opinion of the court is withdrawn and the following opinion is substituted.

This is an appeal by defendant as personal representative of the wife's estate, from a judgment entered following a jury trial in favor of plaintiff as personal representative of the estate of the deceased husband. We discuss initially a threshold jurisdictional issue concerning whether the claims of husband's estate against wife's estate have been timely presented. We remand for a hearing and adoption of specific findings of fact and conclusions of law as to the elements essential to plaintiff's claim and for further proceedings.

### FACTS

Husband and wife lived together with their four-year-old grandson, Dennis Stuertz. Both husband and wife had been previously married to other spouses, and each had a child or children from their former marriages. The parties had been married thirty-seven years at the time of their deaths. Following their marriage, husband and wife adopted three children. Each of the surviving children are now adults.

Sometime during the late evening hours of November 25, 1981, after the husband and his grandson had gone to bed, the wife started the engine of her automobile while it was parked in the closed garage attached to the home of the parties. The wife then prepared a bed for herself and laid down next to the exhaust pipe and was asphyxiated. Carbon monoxide fumes from the motor vehicle traveled from the garage, through a door which had been left partially ajar, into the main portion of the residence, also resulting in the deaths of the husband and the grandchild.

Following the deaths of husband and wife, both estates were probated. Initially, plaintiff was appointed as the personal representative of both the husband's and the wife's estates. However, after an investigation indicated that the wife's suicide may have also accidentally caused the husband's

death and that of the grandchild, plaintiff resigned as personal representative of wife's estate, and defendant was substituted as the personal representative of the estate of the wife. In November 1982, a wrongful death action was filed by plaintiff as personal representative of the husband's estate against the personal representative of wife's estate, alleging that the wife negligently permitted carbon monoxide from the vehicle to travel into the house and bedroom where her husband and grandchild were sleeping, thereby resulting in their deaths.

Defendant's answer denied that the wife had proximately caused the death of the husband. After a jury trial, a verdict was returned in favor of plaintiff on the wrongful death action in the sum of $93,000.00.

## PRESENTATION OF CLAIMS

Defendant moved to dismiss plaintiff's wrongful death action against defendant based upon plaintiff's failure to timely present his claim against wife's estate. Following a hearing, the trial court denied the motion.

Plaintiff was appointed personal representative of the estate of both husband and wife on January 8, 1982. On September 20, 1982, plaintiff resigned as personal representative of wife's estate. Defendant was appointed personal representative of wife's estate on September 21, 1982. The wrongful death action filed by plaintiff against defendant was filed on November 10, 1982. No formal notice was presented to the personal representative of wife's estate concerning husband's tort action until the filing of husband's wrongful death action. The record indicates the first publication of notice to creditors occurred on January 22, 1982.

Defendant argues that the trial court erred in refusing to dismiss plaintiff's action because plaintiff failed to present timely notice of his wrongful death claim on behalf of husband's estate as required by NMSA 1978, Section 45–3–803.

The nonclaim statute of the Probate Code, Section 45–3–803, contains specific time limitations governing the presentation of claims against a decedent's estate. This statute provides in applicable part:

A. All claims against a decedent's estate which arose before the death of the decedent, including claims * * * founded on * * * tort or other legal basis * * * are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as follows:

(1) within two months after the date of the first publication of notice to creditors if notice is given in compliance with Section 3–801 [45–3–801 NMSA 1978] * * *

\* \* \* \* \* \*

B. All claims against a decedent's estate which arise at or after the death of a decedent * * * founded on * * * tort or other legal basis, are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as follows:

\* \* \* \* \* \*

(2) any other claim, within four months after it arises.

C. Nothing in this section affects or prevents:

\* \* \* \* \* \*

(2) to the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by liability insurance.

In denying the motion to dismiss, the trial court did not indicate the basis for its ruling. Defendant argues that when a claim is not timely presented, the trial court is without jurisdiction to hear the claim. Plaintiff, however, asserts that defendant failed to include in the record on appeal those portions of the trial court's proceedings relating to the hearing on the motion to dismiss, and that absent this portion of the record, jurisdiction of the court may be presumed.

Under this posture, which party carries the burden of establishing the timely presentation of a claim? We determine that this burden in the trial court falls upon plaintiff.

One of the chief aims of the Probate Code is to promote and facilitate the speedy administration and closing of estates. NMSA 1978, § 45-1-102(B)(3). A primary objective of a nonclaim statute is the expeditious and orderly processing of decedents' estates. *See In re Estate of Levine,* 145 Ariz. 185, 700 P.2d 883 (App. 1985); *cf. Levers v. Houston,* 49 N.M. 169, 159 P.2d 761 (1945).

New Mexico follows the rule recognizing that timely filing of claims against a decedent's estate is mandatory, and if not timely filed, the claims are barred as a matter of law. *See In re Will of Skarda,* 88 N.M. 130, 537 P.2d 1392 (1975); *In re Estate of Welch,* 80 N.M. 448, 457 P.2d 380 (1969); *Bowman v. Butler,* 98 N.M. 357, 648 P.2d 815 (Ct.App.1982); *In re Estate of Oney,* 95 N.M. 640, 624 P.2d 1037 (Ct.App.1981). There is no statutory provision that authorizes the trial court to extend the time limits specified in Section 45-3-803. *See In re Estate of Oney.*

The burden of establishing a timely presentment of a claim against an estate rests upon the claimant. *Mann v. Redmon,* 27 N.D. 346, 145 N.W. 1031 (1914); *see also In re Estate of Daigle,* 634 P.2d 71 (Colo.1981) (En Banc); *Beach v. Mizner,* 131 Ohio St. 481, 3 N.E.2d 417 (1936); *General Talking Pictures Corp. v. Hyatt,* 114 Utah 362, 199 P.2d 147 (1948); *Empson v. Fortune,* 102 Wash. 16, 172 P. 873 (1918); *cf. Continental Coffee Co. v. Estate of Clark,* 84 Nev. 208, 438 P.2d 818 (1968) (burden is on party who files late creditor's claim in probate proceeding to offer justification for favorable exercise of discretion); *contra Hitt v. J.B. Coghill, Inc.,* 641 P.2d 211 (Alaska 1982) (bar of nonclaim statute is an affirmative defense to be pleaded and proved by the estate).

Unlike the bar of an ordinary statute of limitations, these cases hold that the claimant must plead facts showing the claim is timely. *See e.g., Mann v. Redmon.* Nonclaim statutes limit the right of a creditor to file a late claim. *See Beach v. Mizner.* In describing the claim as jurisdictional, the Colorado Supreme Court refused to hold

that the nonclaim statute was tolled by the minority of a child. *In re Estate of Daigle.*

The filing of a "claim" against a decedent's estate, within the contemplation of Section 45-3-803, includes all liabilities of the decedent, whether arising in contract, in tort or otherwise, as well as liabilities of the estate. NMSA 1978, § 45-1-201(A)(4). *But see Lucero v. Northrip Logging Co.,* 101 N.M. 420, 683 P.2d 1342 (Ct.App.1984) (claim for workmen's compensation falls outside of Section 45-3-803). In contrast to express provisions of the Workmen's Compensation Act, nothing in the statutes allowing recovery for wrongful death (NMSA 1978, Sections 41-2-1 to -4 (Repl. 1986)) expresses a legislative intent to create an exception to Section 45-3-803.

The Colorado Supreme Court in *In re Estate of Daigle,* interpreted a provision of the Uniform Probate Code identical to Section 45-3-803 of this state's Probate Code, determining that compliance with the nonclaim statute is jurisdictional. The court said:

Our construction of the nonclaim statute as jurisdictional in character, and therefore not subject to the tolling provisions otherwise applicable to statutes of limitations, is consistent with one of the basic purposes of the Colorado Probate Code: "[t]o promote a speedy and efficient system for settling the estate of the decedent and making distribution to his successors."

*Id.* at 76.

The court in *Daigle* also held that the nonclaim statute "creates a jurisdictional bar to a claim untimely filed" on behalf of a claimant against a decedent's estate, except to the extent of the liability insurance exemption contained in the statute.

■ Applying the above authorities to the facts of the present case, we find that plaintiff bore the burden of establishing the timely presentation of his claim against wife's estate. At the hearing on defendant's motion to dismiss, no record was made. On appeal, the record before us does not disclose what matters were presented at that hearing. The trial court denied the motion. As a general rule,

where the record is deficient, every presumption will be indulged in favor of the correctness of the trial court's ruling. *Nichols v. Nichols*, 98 N.M. 322, 648 P.2d 780 (1982). Defendant contends that it was the burden of plaintiff to establish that jurisdiction existed, once it was challenged, and thus that plaintiff had the burden to affirmatively show in the record the existence of facts to support jurisdiction. Under the record before us both sides seek to place the burden upon the other for the deficient record. In the interests of justice we conclude that a remand is required on this matter. In reviewing this aspect of the appeal, the record does not disclose whether or not plaintiff's claim rested upon liability insurance, including either a household policy or automobile insurance policy, insuring against the negligence of wife, and the trial court's order denying defendant's motion to dismiss does not disclose whether plaintiff's claim was determined to come within the insurance exception as provided in Section 45–3–803(C)(2) of the Probate Code, or was grounded upon some other basis. Accordingly, we remand for hearing and adoption of specific findings of fact on this issue.

Where doubt or ambiguity exists as to the basis for the court's ruling, the ends of justice may require that the cause be remanded for specific findings on a determinative issue. *See Farrar v. Hood*, 56 N.M. 724, 249 P.2d 759 (1952); *State ex rel. Human Services Dept. v. Coleman*, 104 N.M. 500, 723 P.2d 971 (Ct.App.1986); *cf. Sands v. American G.I. Forum, Inc.*, 97 N.M. 625, 642 P.2d 611 (Ct.App.1982). If plaintiff's claim is based upon the insurance exception of Section 45–3–803(C)(2), the claim is timely; if, however, insurance does not exist for the claim herein, plaintiff's claim must be dismissed.

The cause is remanded to the trial court for a hearing and for adoption of specific findings of fact and conclusions of law within sixty days from the date hereof, concerning whether specific insurance protection exists so as to bring the wrongful death claim of husband's estate within the statutory exception contained in Section 45–3–803(C)(2). In the event the trial court determines that no specific insurance protection exists, the action must be dismissed; otherwise, a copy of the trial court's amended findings and conclusions and amended judgment should be filed with this court.

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.