771 P.2d 179

**In the Matter of the ESTATE OF Gracie L. MAYFIELD, Deceased.**

**Jim MAYFIELD and Carmon Belle Boucher, Co–Personal Representatives, Appellants,**

v.

**S.D. MAYFIELD and Earlene Mayfield, Appellees.**

No. 17929.

Supreme Court of New Mexico.

March 29, 1989.

Alsup Law Office, Gary D. Alsup, Clayton, for appellants.

David Stafford, Raton, for appellees.

## OPINION

RANSOM, Justice.

Jim Mayfield and Carmon Belle Boucher, co-personal representatives for the estate of Gracie L. Mayfield (estate), appeal from a judgment awarding S.D. Mayfield (claimant) $34,000 for work performed and services rendered for the decedent. We reverse.

On January 28, 1987, following appointment of the co-personal representatives pursuant to a formal probate proceeding, the estate published an initial notice to creditors. *See* NMSA 1978, § 45-3-801. In response, the claimant mailed to counsel for the co-personal representatives a letter setting forth his claim, which was received March 28, the last day for presentation of claims. *See* § 45-3-803(A)(1). On April 7, the estate served upon the claimant a notice of disallowance. *See* § 45-3-806(A). Pertinent provisions of the applicable statutes are set out below.

Along with the notice of disallowance, the estate included interrogatories and a request for production of documents. All three pleadings were filed with the district court under the case caption and docket number of the formal probate proceeding. By letter dated May 8, the estate requested of the district court a setting for a trial on the claim, and a few weeks later filed a motion to compel a response to the interrogatories and request for production of documents. The trial court never ruled on the discovery motion, and on June 16 the claimant responded without the trial court having to intercede. On June 17, a hearing on the merits was set for June 23.

June 8, the sixtieth day following the service of notice of disallowance, was the last day on which the claimant could have asserted his claim against the estate by either filing a petition for allowance in the formal probate action or commencing a separate proceeding against the co-personal representatives. *See id.* The claimant failed to take either step. The estate continued to pursue discovery, filing a notice of deposition on June 12 and a subpoena duces tecum on June 17. The claimant filed nothing in the probate proceeding until June 18 when a certificate of mailing of the response to interrogatories appears of record. The court was set to hear the claim on June 23, but upon claimant's motion for a continuance the trial was rescheduled for August 31.

On the morning of the trial, the estate moved to dismiss the claim based upon the claimant's noncompliance with Section 45-3-806(A). After considering the parties' briefs on the issue, the trial court denied

the motion. Subsequently, a trial was had on the merits and judgment entered in favor of claimant. The estate appealed.

New Mexico's nonclaim statute, which is comprised of Sections 45–3–803, 45–3–804 and 45–3–806, reads in pertinent part, as follows:

A. All claims against a decedent's estate which arose before the death of the decedent * * * are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as follows:

(1) within two months after the date of the first publication of notice to creditors * * * *

§ 45–3–803(A)(1).

Claims against a decedent's estate may be presented as follows:

A. the claimant may deliver or mail to the personal representative a written statement of the claim * * * or he may file a written statement of the claim with the appropriate court.

§ 45–3–804(A) (Cum.Supp.1988).

A. As to claims presented in the manner described in Section 3–804 * * * the personal representative may mail a notice to any claimant stating that the claim has been disallowed * * * * Every claim which is disallowed in whole or in part by the personal representative is barred * * * unless the claimant files a petition for allowance in the district court or commences a proceeding against the personal representative not later than sixty days after the mailing of the notice of disallowance or partial allowance.

§ 45–3–806(A).

The estate maintains that, due to claimant's noncompliance, the district court had no jurisdiction to consider the claim. The estate contends the trial court erred in its conclusion that the activity undertaken in this case constituted substantial compliance and that the estate manifested an intent to waive the claimant's filing of a petition for allowance. The estate claims that as a matter of law it cannot waive the provisions of the nonclaim statute and cannot be estopped by its behavior from asserting claimant's noncompliance as a bar to the claim. Furthermore, the estate argues that its efforts to ascertain the basis of the claim did not constitute waiver or provide grounds for estoppel.

The claimant acknowledges the mandatory nature of the two-step procedure to enforce a claim against a pending estate, but argues under the facts here that such requirements were satisfied. Specifically, the claimant contends that substantial evidence supports the trial court's determination that the conduct of the estate and the claimant constituted substantial compliance with Section 45–3–806(A). The claimant points to the estate's seeking discovery and requesting a trial setting within the sixty-day statutory period as evidence that litigation of the claim had ensued, notwithstanding that the claimant failed to take formal initiatory steps under the nonclaim statute.

Further, claimant urges us to accept the trial court's conclusion that the estate manifested an intent to waive the claimant's filing of a petition for allowance. We decline, however, to accept that conclusion and hold the trial court erroneously decided that the estate intended to waive the claimant's filing of a petition for allowance. There is no evidence of intentional waiver, *see Ed Black's Chevrolet Center, Inc. v. Melichar*, 81 N.M. 602, 471 P.2d 172 (1970) (waiver requires actual intention to relinquish a known right); counsel for the estate has confessed to having been as ignorant as counsel for claimant concerning the requirements of Section 45–3–806. Likewise, the only possible application of the broader doctrine of estoppel would have been with respect to a purported reliance upon a representation that compliance with Section 45–3–806 would not be required, and claimant cannot be said to have relied upon waiver of a statutory requirement of which he was unaware. Parties to litigation cannot be estopped from asserting legal claims and defenses simply because litigation has been progressing under a mutual lack of awareness that such claims or defenses may exist.

 In any event, it is well settled that neither the heirs nor the personal representative can be estopped from asserting or can waive the mandatory requirements of the nonclaim statute. "[W]e have held [the nonclaim statute] to be mandatory to such a degree that failure to file cannot be excused by the doctrine of estoppel or waived by the representative." *In re Estate of Tarlton*, 84 N.M. 95, 97–98, 500 P.2d 180, 182–83 (1972); *see also In re Landers' Estate*, 34 N.M. 431, 238 P. 49 (1929). In concluding otherwise, the trial court failed to reconcile New Mexico precedent with its decision and instead relied upon a North Dakota case (*Vance v. Hanson*, 50 N.D. 446, 196 N.W. 750 (1923)) that it admitted was factually distinguishable from the case at bar. Unless we were inclined to overrule well-established precedent, there is no basis on which to support the trial court's conclusion that the conduct of the estate constituted waiver.

With respect to substantial compliance, we would be willing to entertain the proposition that Section 45–3–806(A) could be satisfied other than by strict adherence to its formal dictates. *See In re Baeza's Estate*, 41 N.M. 708, 73 P.2d 1351 (1937) (recognizing possibility of substantial compliance with nonclaim statute). Although substantial compliance did not occur under the facts here, suffice it to say that we could envision substantial compliance under the right circumstances. We would be loath to exalt form over substance to foreclose the adjudication of a claim on its merits, even though a formal petition for allowance not be filed, where within the statutory time period the facts of record demonstrate that the claimant is litigating the claim or the parties have invoked the exercise of the court's authority with respect to the disallowed claim; but the purpose of Section 45–3–806(A) must be satisfied. *See Mathieson v. Hubler*, 92 N.M. 381, 588 P.2d 1056 (Ct.App.) (actions based on the denial of a claim must be brought within the statutory time period in order to promote a speedy and efficient system for the settlement of estates), *cert. denied*, 92 N.M. 353, 588 P.2d 554 (1978).

 In this case, however, there was no entry of the claim or any other affirmative conduct of record during the applicable time period upon which a court could find substantial compliance. In concluding to the contrary, the trial court erred. Unilateral actions on the part of the estate in preparation for defending against the claim or assuring its timely resolution cannot constitute substantial compliance. We fail to see how a claimant, who does not engage in any legal activity of record within the limitation period of the nonclaim statute, has complied substantially with its mandatory requirements. The nonclaim statute "specifically points out the path the claimant must travel if he would have his claim allowed. [T]he penalty for deviation from such path bars the claim." *In re Baeza's Estate*, 41 N.M. at 711, 73 P.2d at 1353.

Because there was neither strict nor substantial compliance under the circumstances of this case during the sixty-day limitation period, the trial court was without jurisdiction to consider this claim. The judgment of the trial court is reversed.

IT IS SO ORDERED.

SOSA, C.J., and BACA, J., concur.