This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**In the Matter of the ESTATE**
**OF CLAUDIO M. VELA, deceased,**

  Respondent-Appellee,

v.               NO. 31,009

**JIMMY J. VELA and**
**RICHARD L. VELA,**

  Claimants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr., District Judge**

Doerr & Knudson P.A.
Randy J. Knudson
Portales, NM

for Appellee

Mark S. Sweetman
Clovis, NM

for Appellants

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Jimmy Vela and Richard Vela (Claimants) appeal from the district court's probate order dismissing their claims against the Estate with prejudice for the untimely filing of their petition for allowance of claims. We issued a notice of proposed summary disposition, proposing to reverse. The Estate has filed a memorandum in opposition to our notice. We have considered the Estate's arguments and remain persuaded that dismissal was inappropriate under the circumstances. Accordingly, we reverse the district court.

In its response to our notice, the Estate argues that under NMSA 1978, Section 45-3-806(A) (1993), the statutory period for filing the petition for allowance of claims is mandatory, and we should not encourage parties to wrongly pursue dual litigation tracks. [MIO 2, 5-9] Also, the Estate points out that Claimants did not request that the district court's order of dismissal in the civil proceeding be entered without prejudice, or reserve their right to file the petition for allowance of claim in the probate action or enlarge their time to do so. [MIO 3-4] The Estate addresses our reliance on *In re Estate of Mayfield*, 108 N.M. 246, 771 P.2d 179 (1989) and argues that the Supreme Court did not make it clear what "the right circumstances" are and that Claimants are not entitled to any equitable relief because they did not protect their own interests. [MIO 5-8] As for the Estate's notice of Claimants' claims against it,

the Estate argues that the concerns detailed above are more important considerations that should compel dismissal. We disagree.

Although technical compliance with the statutory time period for filing a petition for allowance of claims is important, dismissal under the circumstances clearly exalts form over substance. *See Estate of Mayfield*, 108 N.M. at 249, 771 P.2d at 182 (stating that it "would be loath to exalt form over substance to foreclose the adjudication of a claim on its merits, even though a formal petition for allowance not be filed, where within the statutory time period the facts of record demonstrate that the claimant is litigating the claim or the parties have invoked the exercise of the court's authority with respect to the disallowed claim"). Furthermore, Claimants' attentive pursuit of their claims in the civil action is so highly analogous to the circumstances under which the Supreme Court in *Estate of Mayfield* envisioned a party could substantially comply with the statute to justify an exception to the mandatory time period, we cannot overlook or meaningfully distinguish these facts. *See id.* at 247, 771 P.2d at 180 (pointing out the failures of the claimant in *Estate of Mayfield*, and noting that a claim could be asserted "by either filing a petition for allowance in the formal probate action or commencing a separate proceeding against the co-personal representatives," and observed that the claimant did neither). Also, the Estate was not prejudiced by the minor delay caused by Claimants' mistaken filing

of the civil action, and it was clearly on notice of the claims pursued against it. Under these particular circumstances, we are not persuaded that dismissal was appropriate.

Lastly, we note that the Estate seems confused about why our notice did not address the remaining bases for dismissal, including res judicata. [MIO 9-10] The notice relies on an exception to the statutory period for filing the petition for allowance of claim in *Estate of Mayfield*, which is based in a substantial compliance analysis. Thus, our proposed analysis treated the petition for allowance of claim as timely. Every other basis for dismissal treated the petition for allowance of claim as untimely and then as though it was never filed. Because we hold that Claimants substantially complied with Section 45-3-806(A), that probate action should proceed with the petition for allowance of claims. We also observe that the district court in the civil action dismissed the claims are against the Estate and directed Claimants to litigate them in the probate action; it did not foreclose their litigation. [RP 97, 100]

For the reasons stated in this opinion and in our notice, we reverse the district court's dismissal and remand for further proceedings.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

4

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**