This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PAUL J. SAAVEDRA,**

Plaintiff-Appellant,

v.                                                                                    **NO.  30,465**

**MARC SAAVEDRA,** Personal Representative,

Defendant-Appellee,

**IN THE MATTER OF THE ESTATE OF**
**LUPE P. SAAVEDRA**, Deceased.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Paul Saavedra
Albuquerque, NM

Pro Se Appellant

Charles Bennett
Rio Rancho, NM

for Appellee


**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     This is a pro se appeal from the district court's denial of Appellant Paul Saavedra's claim against the estate of Lupe P. Saavedra, his mother, (the Estate) for caretaker expenses. The district court denied Appellant's claim as untimely and then proceeded to address and deny the claim on its merits. We affirm the decision of the district court.

**BACKGROUND**

{2}     Lupe P. Saavedra (Decedent) passed away on September 24, 2007. Appellant asserted a claim against the Estate for caretaker expenses on April 29, 2008. The claim was denied on May 1, 2008, by Marc Saavedra, also the son of Decedent, and the personal representative of the Estate (the Personal Representative). Appellant retained counsel and then filed a pleading entitled petition for allowance on June 4, 2008 (Petition for Allowance). The Petition for Allowance alleged that Appellant lived in Decedent's house on Grove Street in Albuquerque, cared for Decedent from 1991 until her death, and that Appellant was entitled to a caretaker allowance for services provided to Decedent from 2003 until 2007. These alleged services included feeding, bathing, dressing, diapering, and providing round-the-clock care for Decedent. The claim set forth in the Petition for Allowance was also denied by the Personal Representative.

{3} Following the Personal Representative's denial of the Petition for Allowance, numerous proceedings occurred in both the metropolitan court and the district court. Ultimately, the matter came before the district court for a trial on the merits. The district court denied Appellant's claims against the Estate. First, the court found that the claim was untimely under NMSA 1978, Section 45-3-803(C) (1993) (amended 2011), which states:

> All claims against a decedent's estate that arise at or after the death of the decedent, including claims of the state and any political subdivision of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated or founded on contract, tort or other legal basis, are barred against the estate, the personal representative and the heirs and devisees of the decedent unless presented as follows:
>
> > (1) a claim based on a contract with the personal representative within four months after performance by the personal representative is due; or
> >
> > (2) any other claim within the later of four months after it arises or the time specified in Paragraph (1) of this subsection.

Second, the district court found that Appellant failed to rebut the presumption that his services were rendered gratuitously by providing evidence of the existence of an express or implied contract with Decedent. Appellant timely appealed the district court's denial of his claims against the Estate.

**DISCUSSION**

**The Timeliness of Appellant's Claim**

3

{4}     On appeal, Appellant contends that the district court erred in denying his claim against the Estate because it was untimely. Appellant argues that the district court failed to recognize that he was a devisee under Decedent's will, and therefore raised an equitable claim against the Estate, not a creditor's claim. Appellant argues that his claim was timely filed under NMSA 1978, Section 45-3-1006 (1993), asserting that it is the controlling limitations period where petitioners are devisees of an estate.

{5}     The applicable limitations provisions to be addressed under the Probate Code are statutory. Interpretation of statutory language is a matter of law that we review de novo on appeal. *In re Estate of Baca*, 1999-NMCA-082, ¶ 12, 127 N.M. 535, 984 P.2d 782. "New Mexico follows the rule recognizing that timely filing of claims against a decedent's estate is mandatory, and if not timely filed, the claims are barred as a matter of law." *Corlett v. Smith*, 106 N.M. 207, 209, 740 P.2d 1191, 1194 (Ct. App. 1987). The burden is on the claimant to timely pursue a claim. *Id.*

{6}     Both parties acknowledge that Appellant is a devisee under the Decedent's will. Appellant argues that Section 45-3-1006 provides devisees of the Estate one year to dispute the distribution of assets. *See In re Estate of Gardner*, 114 N.M. 793, 798, 845 P.2d 1247, 1252 (Ct. App. 1992). Section 45-3-1006 states:

>     Unless previously adjudicated in a formal testacy proceeding or in a
>     proceeding settling the accounts of a personal representative or unless
>     otherwise barred, *the claim of a claimant to recover from a distributee*
>     *who is liable to pay the claim and the right of an heir or devisee* or of a

4

successor personal representative acting in their behalf *to recover property improperly distributed or its value* from any distributee is forever barred at the later of three years after the decedent's death or one year after the time of its distribution, but all claims of creditors of the decedent are barred one year after the decedent's death.

(Emphasis added.) Thus, the plain language of Section 45-3-1006 limits its applicability to two scenarios: (1) when a claimant attempts to recover improperly distributed property from a devisee and (2) when an heir or devisee attempts to recover property that was improperly distributed by an estate. In this case, Appellant is not making a claim as a devisee for property that he asserts was improperly distributed by the Estate. Here, nothing has been distributed from the Estate because the only real asset, the home where Decedent resided, remains in the Estate. If successful, Appellant's claim is an attempt to deplete the asset of the Estate and reduce the amount available to the devisees. Thus, Appellant's claim is against the Estate itself, not a claim to recover improperly distributed property that belongs to the Estate or its devisees. As a result, the one year limitation in Section 45-3-1006 is inapplicable.

{7} Appellant further contends that Section 45-3-803 is inapplicable as a matter of law to devisees. This argument assumes that Appellant's classification as a devisee rather than a creditor is dispositive regarding all causes of action by the devisees that involve the Estate, effectively preventing devisees from also being recognized as

5

creditors. First, we recognize that Appellant's claim against the Estate plainly falls under the Probate Code's definition of a claim. *See* NMSA 1978, § 45-1-201(6) (1995) (amended 2009 and 2011) ("'[C]laims', in respect to estates of decedents and protected persons, includes liabilities of the decedent or protected person, whether arising in contract, in tort or otherwise and liabilities of the estate that arise at or after the death of the decedent or after the appointment of a conservator[.]"). Appellant has provided this Court with no authority to support the position that he is not asserting a creditor's claim pursuant to Section 45-3-803, or to otherwise support his argument that a devisee cannot be classified as a creditor when asserting a claim defined under Section 45-1-201(6). *Provoda v. Maxwell*, 111 N.M. 578, 580, 808 P.2d 28, 30 (1991) ("[I]ssues raised in appellate briefs that are unsupported by cited authority will not be reviewed on appeal." (citation omitted)); *see State v. Clifford*, 117 N.M. 508, 513, 873 P.2d 254, 259 (1994) ("Mere reference in a conclusory statement will not suffice and is in violation of our rules of appellate procedure."). Thus, we conclude that Appellant's claim as a creditor of the Estate was included within and failed to adhere to the statutory limitations period outlined in Section 45-3-803.

**{8}** Moreover, to the extent Appellant argues that this Court should overlook this failure to adhere to the statutory time limits because his claim is equitable in nature, we note that Section 45-3-803(C) contemplates claims founded in "contract, tort or

*other legal basis*[.]" (Emphasis added.) Our precedent on this issue is clear. The district court is not statutorily authorized to extend the time limits specified in Section 45-3-803. *Corlett*, 106 N.M. at 209, 740 P.2d at 1194; *see also In re Estate of Mayfield*, 108 N.M. 246, 249, 771 P.2d 179, 182 (1989) ("[I]t is well settled that neither the heirs nor the personal representative can be estopped from asserting or can waive the mandatory requirements of the nonclaim statute."). As such, the district court properly denied Appellant's claim for caretaker expenses as untimely.

**The Merits of Appellant's Claim**

{9}     Even though untimely, we also address Appellant's claim that the district court erred in finding that his caretaker claim failed on its merits. On appeal, Appellant argues that he raised a valid claim for unjust enrichment and that "adequate testimony was presented to [the district court] to show that an express agreement existed to allow [Appellant] to stay in the family home." Appellant argues that the district court failed to address this "crucial aspect" of his case because the court "considered the case closed" once it denied Appellant's claim as untimely. Based on the record available in this case, we conclude that the district court also considered and denied Appellant's caretaker claim.

{10}     We review the district court's denial of equitable relief under an abuse of discretion standard. *Nearburg v. Yates Petroleum Corp.*, 1997-NMCA-069, ¶ 32, 123

7

N.M. 526, 943 P.2d 560. "An abuse of discretion will be found when the [district] court's decision is clearly untenable or contrary to logic and reason." *Newsome v. Farer*, 103 N.M. 415, 420, 708 P.2d 327, 332 (1985). The issue raised by Appellant on appeal involves only an evidentiary challenge to the district court's ruling. Thus, we shall apply a substantial evidence standard of review. *See Bishop v. Evangelical Good Samaritan Soc'y*, 2009-NMSC-036, ¶ 25, 146 N.M. 473, 212 P.3d 361 (applying a substantial evidence standard where no legal questions remain); *see also Corley v. Corley*, 92 N.M. 716, 718, 594 P.2d 1172, 1174 (1979) (recognizing that were the district court's finding is challenged, this Court must first determine whether the finding is supported by substantial evidence); *Zemke v. Zemke*, 116 N.M. 114, 118, 860 P.2d 756, 760 (Ct. App. 1993) ("This Court reviews the findings under a substantial evidence standard." (citation omitted)). "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Landavazo v. Sanchez*, 111 N.M. 137, 138, 802 P.2d 1283, 1284 (1990).

{11} The district court applied the recognized presumption that Appellant cared for Decedent out of love rather than for monetary benefit. Appellant does not challenge the district court's application of this presumption on appeal. *See Cordova v. Broadbent*, 107 N.M. 215, 216, 755 P.2d 59, 60 (1988) ("Unchallenged [district] court findings and conclusions are binding on appeal."). The court found that Appellant

8

failed to rebut the presumption or otherwise prove that the services he provided to Decedent were not gratuitously rendered. Appellant contends that he presented adequate testimony to rebut the presumption. Appellant argues that he presented evidence that he cared for Decedent for several years and had the expectation of remaining in the family home as compensation for these services. But the only evidence in the record to support Appellant's argument is his own testimony that he had a verbal contract with Decedent. Moreover, Appellant lived with Decedent rent-free and pooled his income with Decedent. The district court did not find this self-serving testimony credible, and we cannot reweigh this evidence on appeal. *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177; *Lopez v. Adams*, 116 N.M. 757, 758, 867 P.2d 427, 428 (Ct. App. 1993) ("It is for the [district] court to weigh the testimony, determine the credibility of witnesses, reconcile inconsistent statements and determine where the truth lies.").

**{12}** There was ample evidence in the record to contradict Appellant's claim that an agreement existed regarding compensation for his caretaker services. The district court was faced with "contradictory perceptions" with regard to the existence of an agreement for Appellant's caretaker services. It explained that "[t]he reasons given for the changes in levels of support reflect the family dichotomy that has developed[.]" Ultimately, the court found the testimony from several family members

9

that Appellant also alienated his siblings and prevented them from accessing Decedent's home more credible than Appellant's testimony. Appellant's argument on appeal essentially states that the district court should have resolved the conflicting evidence in his favor. *See Lahr v. Lahr*, 82 N.M. 223, 224, 478 P.2d 551, 552 (1970) ("[The appellate courts] presume the correctness of the judgment of the [district] court who had the advantage of evaluating the demeanor of the parties and of the witnesses."); *see also Jay Walton Enter., Inc. v. Rio Grande Oil Co.*, 106 N.M. 55, 59, 738 P.2d 927, 932 (Ct. App. 1987) ("Where evidence is conflicting and the court adopts findings on a disputed issue, the fact that there may have been other evidence upon which the court could have adopted a different finding does not constitute error.").

{13}     Again, we defer to the fact finder to resolve the conflicts in the evidence, to weigh the facts, and to determine the credibility of the witnesses. *Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact."); *State v. Roybal*, 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct. App. 1992) ("It was for the [district] court as fact[]finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay."). The district court was in the best position to evaluate the evidence and the credibility of the witnesses. Under these circumstances, we cannot say that

it was unjust, or an abuse of discretion, for the district court to deny Appellant relief. *See Ontiveros Insulation Co. v. Sanchez*, 2000-NMCA-051, ¶ 11, 129 N.M. 200, 3 P.3d 695 (explaining that, to prevail on a claim for unjust enrichment, "one must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust."). We conclude that substantial evidence supports the district court's determination that Appellant failed to rebut the presumption that his caretaker services were rendered gratuitously.

**CONCLUSION**

{14}    For the foregoing reasons, we affirm the judgment of the district court.

{15}    **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**